UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven Durst,

    Petitioner,

v.

R. L. Morrison, Warden,

    Respondent.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 06-13 ADM/RLE

_____

Steven Durst, *pro se*.

John R. Marti, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Respondent R. L. Morrison, Warden's ("Respondent") Response to the April 19, 2006 Report and Recommendation ("R&R") of Magistrate Judge Raymond L. Erickson [Docket No. 10]. The R&R grants Petitioner Steven Durst's ("Petitioner") Petition for a Writ of Habeas Corpus [Docket No. 1] pursuant to 28 U.S.C. § 2241. In its Response, the Respondent does not oppose reconsideration of Petitioner's date of CCC placement in light of a recent Eighth Circuit decision striking down Bureau of Prisons ("BOP") regulations set forth in 28 C.F.R. §§ 570.20, 570.21. Petitioner's Motion is granted.

## II. BACKGROUND

In his Petition, the Petitioner, currently incarcerated at the Federal Prison Camp in Duluth, Minnesota, argues the BOP wrongly denied his request to be transferred to a Community

Confinement Center ("CCC").[1]  The Petitioner's estimated release date is August 19, 2006. Buege Decl. [Docket No. 6] ¶ 3.  The Petitioner has requested that he be placed in CCC.  The BOP informed him that his CCC placement date would be set according to BOP policies, including those set forth in 28 C.F.R. §§ 570.20, 570.21, which sets his eligibility date for CCC placement on May 22, 2006.  Id. ¶ 4.  The Petitioner has challenged the validity of 28 C.F.R. §§ 570.20, 570.21, contending that he requires at least six months of CCC placement.  The R&R found the holding of Fults v. Sanders controls this case, and on that basis recommended granting the Petition and ordering the BOP to reconsider Durst's request for CCC placement in light of the criteria set forth in 18 U.S.C. § 3621(b).  442 F.3d 1088 (8th Cir. 2006).

### III. DISCUSSION

In Fults v. Sanders, the Eighth Circuit held that the regulations set forth in 28 C.F.R. §§ 570.20, 570.21 are incompatible with 18 U.S.C. § 3621(b).  18 U.S.C. § 3621(b) sets forth a list of factors to be considered in determining the location of an inmate's incarceration. However, the Eighth Circuit determined that 28 C.F.R. §§ 570.20, 570.21, which limit the time an inmate may serve in a CCC to 10% of his sentence, imposed categorical decisions on the factors enumerated in 18 U.S.C. § 3621(b) without consideration of each factor on a case-by-case basis.  442 F.3d at 1091.  As a result, the Eighth Circuit determined:

> A BOP decision to not transfer an inmate–or, as in this case, a group of inmates–requires the same consideration of the § 3621(b) factors as does the decision to transfer an inmate to a CCC. It is impossible for the BOP to consider all five factors on a categorical basis. As such, the BOP's regulation necessarily conflicts with § 3621(b) by excluding an entire class of inmates–those not serving the final ten percent of their sentences–from the opportunity to be transferred to a CCC.

---

[1] Community Confinement Centers are also referred to as Residential Reentry Centers or, more commonly, halfway houses.

Id. at 1092.  On this basis, the R&R is adopted.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the April 19, 2006 Report and Recommendation of Magistrate Judge Raymond L. Erickson [Docket No. 10] is **ADOPTED**.  Because even the old BOP regulations set Petitioner's eligibility for CCC placement on May 22, 2006, the Court urges the BOP to place Petitioner in an appropriate CCC as soon as possible.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


            s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  May 22, 2006.